UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TUCKER, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROYAL ADHESIVES AND SEALANTS, LLC, a Delaware limited liability company; MARIA EICHACKER, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-09371-SPG-KS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [ECF No. 10]** |

　　　Before the Court is Plaintiff Kevin Tucker's ("Plaintiff") Motion for Remand ("Motion"). (ECF No. 10 ("Mot.")). Having considered the submissions of the parties in support of and in opposition to the Motion, the relevant law, the record in this case, and the arguments during the hearing on the Motion, the Court DENIES the Motion.

**I.　BACKGROUND**

　　**A.　Factual Background**

　　The complaint alleges as follows: Plaintiff is a resident of Los Angeles, California. (ECF No. 1 at 12 ¶ 5 ("Compl.")). Defendant Royal Adhesives and Sealants, LLC ("Royal") is a Delaware limited liability company with its principal place of business in

Wilmington, California.[1]  (*Id.* at 12 ¶ 6).  Defendant Maria Eichacker ("Eichacker") is a resident of Los Angeles, California.  (*Id.* at 12 ¶ 7).  The Complaint does not allege the residency of DOES 1-100.  *See* (*id.* at 13 ¶ 9).

Starting in 2020, Plaintiff worked for Defendant Royal on an agency assignment. *See* (*id.* at 13-14 ¶¶ 11, 14).  Plaintiff was hired to stick labels on jars filled with glue that Royal manufacturers.  (*Id.* at 13 ¶ 11).  At the time, Plaintiff was the only African American working on the floor; all other coworkers were Hispanic.  (*Id.* at 15 ¶ 20).  Plaintiff would come to work on Saturdays to work overtime.  (*Id.* at 14 ¶ 19).  To do so, Plaintiff had to call Defendant Eichacker, who plaintiff alleges was his supervisor, for permission to work overtime even though the other workers were told they were free to work overtime if they so-chose.  (*Id.* at 14 ¶¶ 14, 19).  While working, an employee named Ramon made the remark, "Ey [Plaintiff], I didn't know black folks like to get up early on Saturday and work!" (*Id.* at 14 ¶ 19).  Plaintiff responded: "Well this black person likes to make money like you Ramon." Ramon responded, "Let's see how long you be here!" (*Id.*).  Plaintiff's coworkers also got upset with Plaintiff because he did not understand work instructions due to everyone speaking Spanish.  (*Id.* at 15 ¶ 20).  Plaintiff asked Eichacker to request his coworkers speak to him in English so he could understand the work and know what was going on.  (*Id.*).  These coworkers became upset and stopped talking to Plaintiff during lunch time.  (*Id.*).

On or about February 20, 2020, Plaintiff was asked to clean out a pressure pot that contained glue.  (*Id.* at 13 ¶ 12).  Plaintiff received no training to do this.  (*Id.*).  While working on the pressure pot, the pot exploded and propelled Plaintiff into a nearby metal shelf rack.  (*Id.* at 13-14 ¶ 13).  Defendant Eichacker asked Plaintiff if he was ok.  (*Id.* at 14 ¶ 14).  Later, Plaintiff contacted "Horizon," the agency who he worked for, and then went to see a doctor.  (*Id.*).  On February 27, 2020, Plaintiff returned to work, where he

---

[1] As discussed below, Royal asserts that its true principal place of business is in South Bend, Indiana, and not Los Angeles, California.  (Compl. at 2 ¶ 4).  Plaintiff does not dispute this assertion in either the Motion or his reply.  *See* (Mot.); (Reply).

was told by a work acquaintance, "Gerardo," that Plaintiff may be getting fired because the pressure pot blew up and supervisors were saying it was his fault. (*Id.* at 14 ¶¶ 15, 18). On or about February 28, 2020, Plaintiff was informed by Horizon that his assignment at Royal was "over" due to the "work getting slow." (*Id.* at 14 ¶ 18).

Plaintiff believes he was subject to discrimination, harassment, and retaliation based on his race, injury, and medical condition that occurred while Plaintiff was working for Royal. (*Id.* at 15 ¶ 21). The Complaint specifically alleges that Plaintiff "was subjected to unwanted harassing conduct as [a] result of his race" and because he "complain[ed] of Defendants' illegal acts, harassment, discrimination, and retaliation. (*Id.* at 18 ¶ 40). The Complaint also alleges that Plaintiff "was made to perform dangerous and untrained work" and was subjected to harassing conduct because of his disability and due to the fact that he had suffered a workplace injury." (*Id.*). As to Defendant Eichacker, the Complaint alleges that she permitted this conduct to occur. (*Id.* at 18 ¶ 43).

**B.     Procedural History**

On November 18, 2022, Plaintiff filed the instant Complaint in Los Angeles County Superior Court against Defendants Royal, Eichacker, and DOES 1 through 100. The Complaint asserts the following state causes of action: (1) Wrongful Termination, in Violation of Public Policy against Royal and DOES 1-100, (*id.* at 15-16 ¶¶ 24-28); (2) Discrimination on the Basis of Race, in Violation of California's Fair Employment and Housing Act ("FEHA") against Royal and DOES 1-100, (*id.* at 16-17 ¶¶ 29-37); (3) Harassment on the Basis of Race and Disability, in Violation of FEHA against all Defendants, (*id.* at 18-19 ¶¶ 38-48); (4) Retaliation, in Violation of FEHA against Royal and DOES 1-100, (*id.* at 19-20 ¶¶ 49-56); (5) Violation of Labor Code Section 1102.5 against Royal and DOES 1-100, (*id.* at 20-22 ¶¶ 57-63); (6) Disability Discrimination, in Violation of FEHA against Royal and DOES 1-100, (*id.* at 22-23 ¶¶ 64-71); (7) Violation of Labor Code Section 1197.5 ("Equal Pay Act") against Royal and DOES 1-100, (*id.* at 23-24 ¶¶ 72-77); and (8) Retaliation, in Violation of the Equal Pay Act against Royal and DOES 1-100, (*id.* at 24-25 ¶¶ 78-83).

On December 28, 2022, Royal removed the case to this Court based on federal diversity jurisdiction. (*Id.* at 1 ¶ 2). Royal argues that, contrary to the allegations in the Complaint, its principal place of business is in South Bend, Indiana and not Los Angeles. (*Id.* at 2 ¶ 4). Royal also contends that it "does not have any employee named Maria Eichacker, and did not employ any such person at the time of the events giving rise to the Complaint. Therefore, [Royal] believes Plaintiff fraudulently joined a non-existing person . . . and her citizenship must be disregarded." (*Id.* at 4 ¶ 15 (citation omitted)). Additionally, Royal estimates the amount in controversy in this case to be approximately $188,272. (*Id.* at 5-7 ¶¶ 18-19).

On February 6, 2023, Plaintiff filed the instant Motion. (Mot.). Plaintiff does not dispute that Royal's principal place of business is outside of California. *See* (*id.*). Plaintiff also does not dispute that the amount in controversy exceeds $75,000. *See* (*id.*). In addition, Plaintiff concedes that the Complaint "misstated the last name of Defendant Maria." (*Id.* at 4). Nonetheless, Plaintiff argues that "further investigation and discovery will reveal the precise name and identity of the individual Defendant whose first name is Maria and who exercised supervisory control over Plaintiff in the course of his duties at Royal . . . ." (*Id.* at 4). Plaintiff also asserts that remand is proper because Royal has not met its burden to show that Defendant Eichacker has been fraudulently joined. *See* (*id.* at 5-8). On this point, Plaintiff argues that a "possibility exists that Plaintiff may prevail individually against Defendant [Eichacker] under a theory of hostile work environment" because Defendant Eichacker "subjected him to hostile work environment and harassment due to his disability and due to the fact that he is an African-American." (*Id.* at 6-8).

Royal filed an opposition to the Motion on February 15, 2023. (ECF No. 17 ("Opp.")). Among its arguments, Royal asserts: (1) Defendant Eichacker is a fictitious defendant and thus, should not be considered when determining the propriety of diversity jurisdiction, *see* (*id.* at 4-5); (2) Eichacker has been fraudulently joined as a "sham" defendant because California law bars Plaintiff's attempt to hold Eichacker liable for personnel management activities performed for Royal, *see* (*id.* at 5-8); and "Plaintiff has

failed to exhaust his administrative remedies . . . by failing to include his intended individual defendant's name, address, and the alleged bases of liability in his administrative complaint." (Opp. at 8-11). In support of its opposition, Royal attaches a declaration from Mark Farkas ("Farkas"), Plant Manager of Royal's facility where Plaintiff worked. (ECF No. 17-2 ¶ 3). Farkas declares that, based on his review of Royal's personnel records, "no individual by the name of 'Maria Eichacker' has been employed at the Facility between 2020 to present." (*Id.* ¶ 6).

On February 22, 2023, Plaintiff filed a reply to Royal's opposition, (ECF No. 22 ("Reply")), accompanied by his own signed declaration. *See* (ECF No. 23). Plaintiff's declaration states in pertinent part:

> 4. During my employment at Royal . . . I suffered harassment and discrimination due to my race and due to my disability, which was caused by an injury I had suffered at work.
>
> 5. My supervisor, Maria, took no action to prevent this discrimination and harassment from occurring, nor did she attempt to protect me from the hostile work environment I was exposed to.
>
> 6. In addition, she treated me with hostility, and was frequently rude and bad-tempered towards me and did not take my complaints seriously.
>
> 7. To the best of my recollection, Maria was 170 pounds, medium weight, with brown hair, and in her late 50s or early 60s. She typically wore pants and a shirt to work. She had long hair and brown eyes. To reiterate, Maria was my supervisor and I reported to her.

(*Id.* ¶¶ 4-7).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise. *Stock West, Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The party seeking to prove federal jurisdiction bears the burden of establishing

it. *See, e.g.*, *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he party who seeks the exercise of jurisdiction in his favor[] . . . must allege in his pleading the facts essential to show jurisdiction."). Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see id.* § 1332. In cases arising out of diversity jurisdiction, such as the present case, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1).

"Except as otherwise expressly provided by Act of Congress," where a plaintiff files a civil action in state court over which the district courts of the United States have original jurisdiction, the defendant may remove that case "to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). Thus, a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a). However, a civil action otherwise removable solely based on diversity jurisdiction under Title 28, United States Code, Section 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2); *see also Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1232 (S.D. Cal. 2021). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

In cases where there are "more than two defendants, complete diversity must exist, meaning that all parties on opposite sides of the case must be from different states." *Grimes v. A1-Auto Care*, Case No.: 21cv02093-LL-BLM, 2022 WL 959273, at *8 (S.D. Cal. Mar. 30, 2022) (citations omitted). For diversity jurisdiction, an individual defendant is a citizen of the state in which she is domiciled, that is, where she resides and intends to remain. *Lew v. Moss*, 797, F.2d 747, 749-50 (9th Cir. 1986) (citation omitted). A limited liability

corporation or "LLC is a citizen of every state of which its owners/members are citizens."[2] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1).

Removing a case does not deprive another party "of his right to move to remand the case" back to state court. 28 U.S.C. § 1448. If the district court lacks subject matter jurisdiction, the plaintiff may seek to remand the case back to state court. 28 U.S.C. § 1447(c). Courts strictly construe the removal statute against removal jurisdiction. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Further, "[t]he presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare*, 889 F.3d at 550.

## III. DISCUSSION

### A. Whether Defendant Eichacker is a Fictitious Defendant

The parties only dispute whether complete diversity exists. In particular, the parties dispute whether the citizenship of Defendant Eichacker can be considered for purposes of this Motion. Plaintiff states that the real last name of Eichacker is currently "[u]nknown," and that the Complaint "misstated" her name. (Mot. at 3-4). For this reason, Royal argues that Eichacker is a fictious defendant and thus, Eichacker cannot be considered. *See* (Opp. at 4-5). In response, Plaintiff argues that Eichacker is "[f]ar from being a fictious or imaginary individual" because the Complaint and Plaintiff's declaration provide sufficient details to identify her. *See* (Reply at 3-4). The parties' arguments highlight a split among the district court's in this Circuit regarding whether the citizenship of a fictitiously named defendant, whose description in a complaint suggests the defendant's citizenship, can be

---

[2] According to Royal, it has one managing member: Royal Holdings, Inc., a Delaware corporation with its principal place of business in South Bend, Indiana. (Compl. at 3 ¶ 13).

considered when determining diversity jurisdiction under Title 28, United States Code, section 1441(b)(1).

Title 28, United States Code, Section 1441 governs the rules related to the removal of civil actions. Subsection (b)(1) of Section 1441 states: "In determining whether a civil action is removable on the basis of [diversity jurisdiction], . . . the citizenship of defendants sued under fictitious names shall be disregarded." This language was amended into Section 1441 through Congress' passage of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"). *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (citing *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCx), 2020 WL 1650750, at *3 (C.D. Cal. Apr. 3, 20200)). Regarding the Act, the Ninth Circuit, in *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1530 n.5 (9th Cir. 1989), stated, given Congress' enactment of the Act contemporaneously with the Supreme Court's grant of certiorari in *Bryant v. Ford Motor Co.*, 844 F.2d 602, 603 (9th Cir. 1987) (en banc) ("*Bryant II*"), a Ninth Circuit *en banc* decision involving diversity jurisdiction and the citizenship of fictitiously named defendants, "it is unlikely that Congress was ignorant of [*Bryant II*].") *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1530 n.5 (9th Cir. 1989).

The *Bryant* decisions involved California plaintiff Gary Bryant suing in California state court Ford Motor Co., a Delaware corporation with its principal place of business in Michigan, along with DOES 1 through 50, for various claims related to injuries sustained in an accident while Bryant was driving a Ford van for the United Parcel Service. *See Bryant II*, 844 F.2d at 603. Ford removed the action to the United States District Court for the Central District of California based on diversity of citizenship. *Id.* Bryant did not object to removal. *Id.* Later, Ford moved for summary judgment against Bryant's claims. *Id.* at 604. In opposing Ford's motion, Bryant noted that he planned to name DOE defendants "as soon as he discovered their identities." *Id.* The district court nonetheless granted summary judgment in favor of Ford, concluding that there were no material facts supporting Ford's liability. *Id.* Bryant then moved the court to name several California corporations as defendants to the action, along with a motion to remand the case to state

court. *Id.* The district court denied Bryant's motion, finding that the presence of non-diverse parties was not new evidence justifying relief from judgment under Federal Rule of Civil Procedure 60(b). *Id.* Thereafter, Bryant appealed the grant of summary judgment and the district court's refusal to add the additional parties. *See id.*

On appeal, a panel of the Ninth Circuit held in *Bryant v. Ford Motor Co.*, 794 F.2d 450, 453 (9th Cir. 1986) ("*Bryant I*"), that because the DOE defendants were real but unidentified people or entities, the district court could not determine whether they would defeat diversity jurisdiction once identified. *Bryant I*, 794 F.2d at 453. The panel remanded the case to the district court with instructions to remand to the appropriate state court. *Id.* After a petition for rehearing was filed, the panel requested *en banc* consideration of the case to "clarify [DOE] defendant law in the Ninth Circuit." *See Bryant II*, 844 F.2d at 604; *see also Bryant v. Ford Motor Co.*, 818 F.2d 692, 692-92 (9th Cir. 1987) (ordering the matter be heard *en banc*).

Sitting *en banc*, a divided Ninth Circuit in *Bryant II*, in 1987, held "that the presence of [DOE] defendants under California [DOE] defendant law destroys diversity and, thus, precludes removal." *Id.* at 605. As *Bryant II* overturned the judgment entered in Ford's favor, Ford filed a petition of certiorari to the United States Supreme Court. *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir. 1989) ("*Bryant III*") (citing 488 U.S. 816 (1988)). Then, on November 19, 1988, the Judicial Improvements and Access to Justice Act of 1988 was signed into law. *Id.* Section 1016(a) of Title X of the Act contained the previously discussed amendment to Section 1441 to Title 28. *See id.* On December 5, 1988, the Supreme Court vacated its order granting the petition for certiorari and denied the petition. *Id.* (citing 488 U.S. 986 (1988)).

Following these events, the Ninth Circuit issued a mandate pursuant to Federal Rules of Appellate Procedure 41(b). *Id.* On December 7, 1988, Ford filed an emergency motion to stay the mandate, which the *en banc* court granted. *Id.* However, Ford's motion preceded the Ninth Circuit's receipt of the Supreme Court's order denying certiorari. *Id.* On December 20, 1988, Ford filed a motion to extend the stay of mandate and to vacate

1  the *en banc* opinion in *Bryant II*. *Id.* at 1528. On January 25, 1989, the *en banc* court
2  referred this motion to a three-judge panel of the Ninth Circuit in the case of *Bryant III*.
3  *Id.*

4       In *Bryant III*, the Ninth Circuit vacated the judgment in *Bryant II* and affirmed the
5  district court's entry of summary judgment in Ford's favor. *Id.* at 1534. In doing so, the
6  Ninth Circuit observed that, through its passage of the amendments to Section 1441,
7  "Congress obviously reached the conclusion that [fictitious] defendants should not defeat
8  diversity jurisdiction." *Id.* at 1528. The Ninth Circuit later found Bryant's arguments, that
9  "the district court only entered judgment against Ford and that the balance of the case[]
10 against the remaining [DOE] defendants, remain[ed] alive and active in the district court,"
11 to be "unavailing under the new amendment to section 1441(a), which provides that [DOE]
12 defendants 'shall be disregarded'" when assessing diversity jurisdiction. *Id.* It also noted
13 that, given the Act was enacted contemporaneously with the Supreme Court's granting of
14 a petition for writ of certiorari in *Bryant II*, "it [was] unlikely that Congress was ignorant
15 of [the Ninth Circuit's] decision" in *Bryant II* when it enacted the Act. *Id.* at 1530 n.5.
16 The Ninth Circuit reiterated these statements in *Soliman v. Philip Morris Inc.*, 311 F.3d
17 966 (9th Cir. 2002), when it stated that "[t]he citizenship of fictitious defendants is
18 disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks
19 leave to substitute a named defendant." *Soliman*, 311 F.3d at 971.

20      Despite the Ninth Circuit's unequivocal holdings in *Bryant III* and *Soliman*, some
21 district courts in the Ninth Circuit have held under Section 1441(b)(1) that "the citizenship
22 of fictitiously named defendants may be considered if the 'description of the [fictitiously
23 named defendants] or their activities is specific enough to suggest their identity,
24 citizenship, or relationship to the action.'" *Metcalf v. Walmart, Inc.*, CASE NO. 1:21-CV-
25 1630 AWI BAK, 2022 WL 856030, at *2 (E.D. Cal. Mar. 23, 2022) (quoting *Johnson v.
26 Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020)); *see also Tipton v. Zimmer,
27 Inc.*, CF 15-04171-BRO (JCx), 2016 U.S. Dist. LEXIS 82012, at *8 (C.D. Cal. June 23,
28 2016) ("However, if the plaintiff's complaint provides a description of a partially named

defendant in a manner such that his or her identity cannot be questioned, then the court should consider his or her citizenship for purposes of determining diversity jurisdiction." (citing *Green v. Mut. of Omaha*, 550 F. Supp. 815, 818 (N.D. Cal. 1982)); *Collins v. Garfield Beach CVS, LLC*, CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2007) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictious defendant." (citation, internal quotations, and emphasis omitted)); *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) ("[W]here, as here, the charges against the [DOES] are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes." (citation omitted)); *Seanez v. Union Pac. R.R. Co.*, Case No. 1:21-CV-00553-AWI-HBK, 2021 WL 2379731, at *6 (E.D. Cal. June 10, 2021).

While other district courts have held that the citizenship of fictitious defendants should not be considered, regardless of whether the complaint provides identifying language as to the fictious defendant. *See Rojas v. Sea World Parks & Entm't, Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("Thus, this Court joins the other courts within this District in finding that the citizenship of [DOE] defendants, regardless of the detail or specificity with which it is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand." (citations omitted)); *Mulalley v. Starbucks Corp.*, No. 21-CV-0032-GPC-DEB, 2021 WL 927362, at *3 (S.D. Cal. Mar. 10, 2021) ("Fictitious 'Doe' defendants are ignored for determining diversity jurisdiction"); *Holt v. Noble House Hotels & Resort, Ltd.*, No. 17CV2246-MMA (BLM), 2018 WL 539176, at *3-4 (S.D. Cal. Jan. 23, 2018) ("The citizenship of unnamed class members and unidentified [DOE] defendants are disregarded"); *Bernier v. Travelers Prop. Cas. Ins. Co., Inc.*, No. 11-CV-78 JLS (RBB), 2012 WL 12540930, at *1, 4 (S.D. Cal. May 21, 2012), *aff'd*, 626 Fed. App'x 666 (9th Cir. 2015) (denying a motion to remand where the plaintiff, a California citizen, sued the defendant, a Connecticut corporation, and various DOE

defendants but had not actually moved to amend to specify or join any of the defendants; thus, the plaintiff had "not identified with specificity the name and citizenship of each party to be joined and the claims against each.").

The Court agrees with the latter approach. Inquiry into the meaning of a statute's text "ceases when the statutory language is unambiguous and the statutory scheme is coherent and consistent," *Matal v. Tam*, 137 S. Ct. 1744, 1756 (2017) (internal quotations and citation omitted). The language of Title 28, United States Code, Section 1441(b)(1) is unambiguous. Per its terms, fictitiously named defendants are not to be considered when assessing the propriety of removal jurisdiction based on diversity. To otherwise assess the citizenship of a fictitiously named defendant merely because the complaint artfully describes the unknown individual runs contrary to the Act's plain language and the Ninth Circuit's instruction that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks to substitute a named defendant." *Soliman*, 311 F.3d at 966.

Therefore, the citizenship of Defendant Eichacker is disregarded for the assessment of the present Motion.[3] Without considering Eichacker, the Court finds complete diversity between the plaintiffs and defendants, along with an amount in controversy that exceeds $75,000. With both requirements established, the Court concludes that it may exercise diversity jurisdiction in this matter.[4]

---

[3] Although Plaintiff has made some allegations in the Complaint describing who "Eichacker" is and attempts in Plaintiff's declaration filed in support of his Reply to supplement those allegations with height, weight, and other physical descriptions of this individual, Defendant Eichacker is still functionally a DOE defendant because there "is no basis to consider the citizenship of "Eichacker." *See Reiling v. Hobby Lobby Stores, Inc.*, Case No. CV 22-0124-MWF (SHKx), 2022 WL 910218, at *2 (C.D. Cal. Mar. 29, 2022) (citations omitted).

[4] Because the Court determines denial of Plaintiff's Motion is appropriate based on Royal's fictitiously named defendant argument, the Court declines to address Royal's remaining arguments for denial of the Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2023



HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE